DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Care Response Home Health Agency Corp., ) | |
| ) | CASE NO. 5:09 CV 2479 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION and ORDER |
| ) | |
| Francisco D. Gonzalez-Abreu, Jr. ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff has filed a two count complaint alleging breach of an oral contract and unjust enrichment in connection with a business relationship between plaintiff and defendant to establish a "Care Response" enterprise in Ohio.  ECF 1.  Defendant has moved to dismiss count II of plaintiff's complaint for unjust enrichment pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff has not pled fraud with the particularity required by Rule 9(b), and has moved to strike paragraph 5 of the complaint on the grounds that the statements in that paragraph have no bearing on the subject matter of the complaint, are pled with malice, and therefore should be stricken pursuant to Rule 12(f).  ECF 8.

Plaintiff has opposed the motion to dismiss count II on the grounds that plaintiff need not rely on fraud in order to prevail on its unjust enrichment claim and offers to amend or interlineate the complaint to remove the word "fraudulent."  ECF 9.  Further, plaintiff has opposed defendant's motion to strike paragraph 5 of the complaint on the grounds that the allegations are not objectionable and provide background and context for its claims.

(5:09 CV 2479)

In his reply, defendant argues that even if plaintiff removes the term "fraudulent," count II should still be dismissed because plaintiff's unjust enrichment claim merely restates the breach of contract claim. Further, defendant argues that paragraph 5's allegations will be of questionable relevance at trial and should be stricken as immaterial and impertinent.

For the reasons stated below, defendant's motion to dismiss count II and to strike paragraph 5 of the complaint is DENIED.

### A. The Complaint

According to the complaint, plaintiff Care Response Home Health Agency Corp. (Care Response) is a Florida corporation and a home health agency operating in South Florida.

Paragraph 5 of the complaint, which defendants seeks to strike, states:

> Plaintiff is a home health agency operating in South Florida. Defendant's father is a physician that worked with Plaintiff. Defendant worked at a gas station until 2007. Defendant had virtually no professional experience in the health care field or in operating a home health agency.

Paragraph 6 of the complaint states that in 2007, plaintiff and defendant developed the idea of extending Care Response into Ohio. Paragraph 7 of the complaint describes the expertise and monetary support allegedly provided by plaintiff to establish Ohio Care Response.

The complaint asserts two counts. In count I, plaintiff alleges that defendant breached an oral contract between the parties by which plaintiff would own 50 % of Ohio Care Response in consideration of the financial support and expertise provided by plaintiff to establish the enterprise. In count II, plaintiff alleges that defendant has reaped the benefits of plaintiff's

(5:09 CV 2479)

contributions to the Ohio Care Response enterprise without furnishing the consideration promised.

## B. Motion to Dismiss Count II

Plaintiff asserts in opposition to defendant's motion to dismiss count II for failing to plead fraud with particularity that the fraud allegation is not necessary to prove the unjust enrichment claim. Plaintiff offers, through amendment or interlineation, to remove the fraud allegation. *See* ECF 9.

This case is in the very early stages of litigation. Defendant has moved only to dismiss count II, and no answer has been filed as to count I. An amendment of the complaint at this time will not prejudice defendant.

Further, the Court notes that plaintiff's complaint incorporates and re-alleges preceding paragraphs into each count. The Court requires that the specific facts which support each count be separately stated for each count. Preceding paragraphs and factual allegations in the complaint may not be incorporated by reference into succeeding counts.

Plaintiff is ordered to file an amended complaint which conforms with this order by January 22, 2010. Defendant's motion to dismiss count II is DENIED as moot.

## C. Motion to Strike Paragraph 5

Defendant has also moved to strike paragraph 5 of the complaint pursuant to Rule 12(f) as immaterial and impertinent. Defendant argues that paragraph 5 is not relevant to plaintiff's claims, may not be admissible at trial, is alleged only to impugn the defendant, and therefore should be stricken. *See* ECF 8 and 10. Plaintiff responds that this paragraph of the complaint is

3

(5:09 CV 2479)

relevant to understand how plaintiff and defendant came to be acquainted and the parties' relative roles with respect to Ohio Care Response.  ECF 9.

Rule 12(f) provides that a court may strike from pleadings any "redundant, immaterial, impertinent, or scandalous matter."  Striking a portion of a pleading is a "drastic remedy" and motions to strike are disfavored and rarely granted.  *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999); *EEOC v. FPM Group, Ltd.*, --F. Supp. 2d --, 2009 WL 3088808 (E.D. Tenn.)(motions to strike are disfavored and should be granted only when the challenged allegations are so unrelated to plaintiff's claims as to be unworthy of consideration and their presence in the pleading will be prejudicial to the moving party); *Frisby v. Keith D. Weiner and Assoc. Co., LPA*, -- F. Supp. 2d --, 2009 WL 3818844 (N.D. Ohio)(motion to strike granted only where the allegations have no relation to the subject matter of the controversy and may cause prejudice).

In this case, the alleged background of the parties' relationship and relative expertise is not clearly immaterial or unrelated to plaintiff's claims.  Further, plaintiff's allegation regarding defendant's employment history is not scandalous or prejudicial on its face.  As this case proceeds, adequate protection as to the truth, relevance and prejudice regarding the parties' background relationship and defendant's employment history is available to the defendant through the discovery rules, pre-trial motions, etc.

The application of Rule 12(f) is within the sound discretion of the trial judge.  In this case, the allegations of paragraph 5 are not clearly unrelated to plaintiff's claims or prejudicial to defendant.  Accordingly, defendant's motion to strike paragraph 5 of the complaint is DENIED.

4

(5:09 CV 2479)

### D. Conclusion

For the reasons set forth above, defendant's motion to dismiss count II of the complaint and to strike paragraph 5 of the complaint is DENIED.

Plaintiff is directed to file an amended complaint in accordance with this order by January 22, 2010.

IT IS SO ORDERED.

| | |
|---|---|
|  January 4, 2010 |  *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |